IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| SHERMAN P. HAWKINS,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA GOVERNOR'S OFFICE, BRIAN SCHWEITZER, MONTANA BOARD OF PARDONS, MIKE McKEE, and MIKE FERRITER, DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | Cause No. CV 12-00030-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

## I. SYNOPSIS

Mr. Hawkins filed a Complaint challenging the State of Montana's parole system. The Defendants named in the Complaint are immune to monetary damages under the Eleventh Amendment. The request for injunctive relief is barred by res judicata. The Complaint should be dismissed.

## II. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). This action presents allegations under 42 U.S.C. § 1983, raising a federal question over which

1

jurisdiction lies.  28 U.S.C. § 1331.  Venue is proper in this judicial district and division.  28 U.S.C. § 1391 and Local Rule 3.2(b)(3).  This proceeding was referred to this Court under Local Rule 73 and 28 U.S.C. § 636(b)(1).

### III.  STATUS

Mr. Hawkins is proceeding without counsel.  He is incarcerated at Montana State Prison. Mr. Hawkins filed a Complaint and Motion to Proceed in forma pauperis on April 5, 2012.  C.D. 1.  The IFP motion was denied.  C.D. 12.  Mr. Hawkins has now paid the filing fee.  Mr. Hawkins is a prisoner, so his Complaint must be reviewed prior to service.  28 U.S.C. § 1915A.

### IV.  STANDARDS

Section 1915A(b) requires dismissal of a prisoner's complaint before service if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted).  Rule 8(a)(2) requires a complaint to "contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Mr. Hawkins presents his allegations under 42 U.S.C. § 1983, asserting that the Defendants, acting under color of state law, violated his Constitutional rights. C.D. 2. He asserts that Defendants' administration of the parole system has deprived him of due process, in violation of the Fifth and Fourteenth Amendments of the United States Constitution, and subjected him to cruel and unusual punishment, in violation of the Eighth Amendment. To state a claim under § 1983, a plaintiff must allege that the defendant did some act or failed to perform an act that the defendant was legally required to do, and that the act or omission deprived the plaintiff of a constitutional right. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). To state a claim for liability of a supervisor under § 1983, the plaintiff must allege facts to show the supervisor was deliberately indifferent to the

plaintiff's constitutional rights, knew of and acquiesced in unconstitutional conduct by subordinates. Starr v. Baca, 652 F.3d 1201 (9th Cir. 2011). A supervisor cannot be liable under § 1983 for merely knowing of a subordinate's act. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

## V. FACTS

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support. Unsupported legal conclusions, however, are disregarded. According to the factually supported allegations in the Complaint:

### A. Parole hearing history

Mr. Hawkins is serving a life sentence for the murder of his wife in 1973. For many years, he has been seeking parole. He was denied parole after hearings before the Board of Pardons and Parole in 1994, 1995, 1996, and 1997. After an escape attempt in 1997, he was placed on a bi-annual review. Mr. Hawkins was again denied parole in 1999. In 2001, he filed an objection to the 1999 denial and requested a 30-day extension before an upcoming hearing. The parole board treated this as a refusal to attend the scheduled hearing and did not consider his parole in 2001.

Mr. Hawkins was denied parole in 2003 and 2005. In 2007, he was again

denied parole and placed on a five-year review, but told he could request an earlier hearing. He twice requested a new hearing and was denied. He requested and received a hearing in 2009, but was denied parole. Mr. Hawkins unsuccessfully requested hearings in 2010 and 2011. His five-year review was scheduled for September 2012. C.D. 2. The record does not include the outcome of that hearing.

### B. Defendants

Mr. Hawkins contends Montana's entire parole system is unconstitutional. He alleges that the Board has denied him annual parole hearings to which he is entitled, and wrongfully denied him parole despite his satisfaction of statutory conditions. Mr. Hawkins asserts that these actions violate the ex post facto clause of the United States Constitution because they are contrary to the laws in effect at the time of his conviction. C.D. 2.

Mr. Hawkins alleges that Montana Governor Brian Schweitzer has appointed people who disfavor granting parole to the Board of Parole and Pardons. Mr. Hawkins also alleges that Gov. Schweitzer supports the Board's allegedly unconstitutional procedure. C.D. 2, pp. 5-6.

Mr. Hawkins alleges that Mike McKee, Chairman of the Board of Pardons and Parole, "has refused to follow statutes enacted to control his behavior," along with any other laws he doesn't like. Mr. Hawkins further alleges that Mr. McKee

5

convenes secret meetings of the Board, improperly denies parole or participation in pre-release programs, and improperly withholds the basis of parole denial from inmates. C.D. 2, pp. 6-7.

Mr. Hawkins alleges that Mr. Ferriter, Director of the Department of Corrections, permits use of improper procedures in the pre-release application program, allows secret meetings on prison property, and restricts witnesses favorable to inmates from testifying at parole hearings. C.D. 2, pp. 7-8.

### C. Relief sought

Mr. Hawkins requests a declaratory judgment. In summary, he asks for a declaration that the parole law in effect at the time of his conviction remains applicable to him, and that parole is mandatory where statutory conditions (that the inmate is not a danger to himself or the community, and is willing and able to follow the law) are satisfied. C.D. 2, p. 10.

Mr. Hawkins seeks damages, and also requests injunctive relief.

### D. Montana Supreme Court Proceedings

Twice Mr. Hawkins filed petitioned for a writ of habeas corpus in the Montana Supreme Court. The first petition was filed in 2008 and challenged the 2007 denial of parole. Hawkins v. Board of Pardons and Parole, OP-08-0046. The second challenged the 2009 denial of parole. Hawkins v. Board of Pardons and

Parole, OP-10-0009.

In his 2008 petition, Mr. Hawkins argued he was denied due process at his 2007 hearing. He challenged the evidentiary basis of the denial of parole, and argued the Board had to follow the law in effect at the time of his conviction, which required yearly review. Hawkins v. Board of Pardons and Parole, OP-08-0046, pp. 3-4; 342 Mont. 552 (2008)(unpublished). The Montana Supreme Court held that Mr. Hawkins was present at the parole hearing in September 2007, had an opportunity to address the Board, and was provided with a written statement explaining why it denied parole. It also held that there was adequate factual support for the Board's decision. Id. Mr. Hawkins also argued that he had been subjected to an ex post facto application of the rules because he was denied an appearance before the Board for five years. Id. The Montana Supreme Court rejected that argument. The Court held that even though Mr. Hawkins was set for a five-year parole review, he could request an earlier parole hearing prior to the 2012 hearing. Id. In fact, Mr. Hawkins was given a parole hearing in 2009.

Mr. Hawkins again petitioned for a writ of habeas corpus in 2010. There Mr. Hawkins argued that the Board did not have the authority to place certain conditions on his right to parole, he was entitled to an annual review, and the failure to do so subjects him to cruel and unusual punishment and double jeopardy.

The Montana Supreme Court held that the Board acted within its discretion to deny parole and held that Mr. Hawkins' due process, cruel and unusual punishment, and jeopardy arguments lacked merit. <u>Hawkins v. Montana Board of Pardons, et al.</u>, 10-0009; 355 Mont. 548 (2010)(unpublished).

## V. ANALYSIS

It is unnecessary to reach whether the allegations are sufficient to state a substantive § 1983 claim because each named defendant is immune under the Eleventh Amendment, or is not liable as a matter of law through the operation of res judicata.

### A. Eleventh Amendment

Though Mr. Hawkins names the Montana Governor's Office as a separate defendant, it is not an entity capable of being sued – it is simply the office out of which the Governor of the State of Montana works. Thus the Montana Governor's Office cannot be a defendant. By naming the Governor's Office, Mr. Hawkins may have intended to sue the governor himself. Considering Mr. Hawkins has, in fact, named Montana Governor Brian Schweitzer as a Defendant, such an interpretation would be redundant and is unnecessary. "Montana Governor's Office" will be disregarded.

The remaining defendants are state agencies (Montana Board of Pardons,

Department of Corrections) or state officers (Gov. Schweitzer, Mike McKee, and Mike Ferriter). Mr. Hawkins appears to be suing the state officers in their official capacities, as his allegations pertain to their imposition of policies. C.D. 2. Thus, as state agency and state officers in their official capacities, the remaining defendants are immune to monetary damages under the Eleventh Amendment. U.S. Const. Amend. XI; Edelman v. Jordan, 415 U.S. 651, 664 (1974); Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71.

The Eleventh Amendment does not bar suits for prospective declaratory relief against state officials in their official capacity. Idaho v. Couer d'Alene Tribe, 521 U.S. 261 (1997); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). Mr. Hawkins seeks injunctive relief determining his parole eligibility. C.D. 2, p. 10. The only possible defendant against whom Mr. Hawkins could obtain that injunctive relief is Mr. McKee, chairman of the Board of Pardons and Parole.

Thus, with the exception of the request for an injunction against Mr. McKee, all of Mr. Hawkins' allegations are barred by the Eleventh Amendment.

**B. Res Judicata**

Mr. Hawkins' request for an injunction against Mr. McKee is barred by res judicata. Res judicata bars a later suit where the previous suit (1) involved the

9

same "claim" as the later suit, (2) reached a final judgment on the merits, and (3) involved the same parties or their privies. Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1404 (9th Cir. 1993). Mr. Hawkins' current allegations against Mr. McKee satisfy each of those elements.

The claims Mr. Hawkins presented to the Montana Supreme Court in 2008 and 2010 are the same he alleges here. In his 2008 petition, Mr. Hawkins contended that "he has been subject to an ex post facto application of rule because he will be denied an appearance before the [Board of Pardons and Parole] for five years," and that the Board improperly denied him parole. OP 08-0046, pp. 3-4. He alleges the same facts in the present Complaint. C.D. 2. In his 2010 petition, Mr. Hawkins argued that denial of parole constituted cruel and unusual punishment, and that the unsupported denial of parole violated his due process right. OP 10-0009, pp. 2-3. Mr. Hawkins makes those allegations in the present Complaint. C.D. 2. Even if Mr. Hawkins had been attempting to raise different claims regarding the same parole issues, res judicata/claim preclusion "bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980); see also San Remo Hotel, L.P. v. City and County of San Francisco, Cal., 545 U.S. 323, 336 n. 16 (2005).

The Montana Supreme Court reached a final judgment on the merits. In 2008, the Court addressed Mr. Hawkins' contentions and concluded they failed based on Calif. Department of Corrections v. Morales, 514 U.S. 499, 504 (1995). OP 08-0046, p. 4. In 2010, the Court again considered Mr. Hawkins' arguments and held "that the Board was within its discretion to deny Hawkins parole without subjecting him to an ex post facto application of the law under *Wright v. Mahoney,* 2003 MT 141, ¶ 7, 316 Mont. 173,71 P.3d 1195. Further, Hawkins' due process, cruel and unusual punishment and double jeopardy arguments lack merit." OP 10-0009, p. 3. These final judgments on the merits preclude Mr. Hawkins from relitigating issues that were or could have been raised in those actions. Allen v. McCurry, 449 U.S. 90, 94 (1980).

Finally, Mr. Hawkins' actions in the Montana Supreme Court and his allegations here involve the same parties or their privies. In the 2008 and 2010 actions, Mr. Hawkins made allegations against the Montana Board of Pardons and Parole. Here he names Mike McKee in his official capacity as chairman of that board. "An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Thus, the actions pertain to the same party – the Montana Board of Pardons and Parole.

The elements of res judicata are satisfied. Mr. Hawkins claim for injunctive

11

relief is barred.

## VI. CONCLUSION

### A. Leave to Amend

Section 1915A(b) requires a pro se prisoner complaint be dismissed if it is frivolous, fails to state a claim for which relief can be granted, or seeks monetary relief from an immune defendant. The statute does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court must deny leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

The Defendants are immune to monetary damages under the Eleventh Amendment. Mr. Hawkins' only remaining claim is barred by the operation of res judicata. These bars cannot be circumvented by the allegation of additional facts. Leave to amend should be denied.

### B. Certification Regarding Appeal

12

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter

13

would not be taken in good faith.

### C. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

"Frivolous" filings are those that are "both baseless and made without a reasonable and competent inquiry." Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc). The finding that Mr. Hawkins' claims are barred by res judicata is supported by the record. Mr. Hawkins' knew full well that he had raised these same claim in the Montana Supreme Court. His attempt to raise the same claims on which the Montana Supreme Court previously made final decisions is frivolous.

The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

### D. Address Changes

At all times during the pendency of this action, Mr. Hawkins SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."

The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. Mr. Hawkins's Complaint C.D. 2 should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Hawkins failed to state a claim upon which relief may be granted and his claims are frivolous.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Hawkins may serve and file written

objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Hawkins files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Hawkins from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made but the judge is not required to consider new evidence. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 25th day of October, 2012.

                                                   /s/ Keith Strong
                                                  Keith Strong
                                                  United States Magistrate Judge