

FILED

DEC 18 2012

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| SHERMAN P. HAWKINS, | ) | CV 12-30-H-DLC-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MONTANA GOVERNOR'S OFFICE, BRIAN SCHWEITZER, MONTANA BOARD OF PARDONS, MIKE MCKEE, MIKE FERRITER, DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Sherman Hawkins filed a complaint challenging the State of Montana's parole system. (Doc. 2.) United States Magistrate Judge Keith Strong issued Findings and Recommendations on November 9, 2012, finding Plaintiff's claims against all Defendants are barred by either the Eleventh Amendment or res judicata. (Doc. 16.) Plaintiff timely filed objections and is therefore entitled to de

1

novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

Plaintiff first objects that Article II § 18 of the Montana Constitution does not allow immunity for state officials or employees. Article II § 18 states "[t]he state, counties, cities, towns, and all other local governmental entities shall have no immunity from suit for injury to a person or property." Plaintiff's § 1983 claim is a federal cause of action and thus federal law, not Montana law, applies. The Eleventh Amendment to the United States Constitution bars suits against a state unless the state has waived its immunity or Congress has exercised its power to override the state's immunity under § 5 of the Fourteenth Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). The State of Montana has waived immunity only for tort claims brought in state court, not federal court. Mont. Code Ann. § 2-9-101 et seq. None of the State agencies or officials have waived their immunity in this case, nor has Congress overriden the State's immunity. Judge Strong correctly determined that all Defendants in this matter are

2

immune from suit with the exception of the claims for injunctive relief against Defendant McKee.

Plaintiff objects that res judicata does not bar his claim because he relied on his liberty interest under the Due Process Clause in his Montana Supreme Court habeas petitions, so the issues are not the same. Res judicata bars a second suit where the prior suit involved the same claim as the second suit, reached a final judgment on the merits, and involved the same parties or their privies. *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1404 (9th Cir. 1993). Res judicata also bars "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *Ross v. International Broth. of Elec. Workers*, 634 F.2d 453, 457 (9th Cir. 1980). It appears that Plaintiff's claims in this case are the same claims he brought in his 2008 and 2010 habeas petitions in state court. To the extent he asserts a new legal theory, that theory could have been asserted in his prior state court actions, and thus are barred by res judicata. *McClain v. Apodaca*, 793 F.2d 1031, 1033-1034 (9th Cir. 1986).

Plaintiff also objects that the parole board members have changed since his state habeas petitions, so the parties are not the same and cannot be barred by res judicata. In his state habeas actions, Plaintiff sued the Montana Board of Pardons

and Parole. Here he names the Montana Board of Pardons and Mike McKee in his official capacity as chairman of the Board as Defendants. An official-capacity suit is treated as a suit against the state agency in all respects but name. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Judge Strong correctly determined that the parties in this suit are the same as those in Plaintiff's prior state actions for purposes of res judicata.

Plaintiff's objection that the Montana Supreme Court did not adjudicate his claims on the merits is clearly refuted by the decisions in those cases. As Judge Strong pointed out, in 2008 the Court addressed Plaintiff's claims and concluded they failed under *Calif. Dept. of Corrections v. Morales*, 514 U.S. 499, 504 (1995). (Doc. 16 at 11.) In 2010, the Court found the Board did not violate Plaintiff's rights by subjecting him to an ex post facto application of the law, and that his due process, cruel and unusual punishment, and double jeopardy claims lacked merit. (Doc. 16 at 11.) These decisions constitute final judgments and res judicata bars this federal action.

Plaintiff's objection that the Board violated his rights by not permitting him to see his entire parole file in advance of his hearing in violation of *Swarthout v. Cooke*, 131 S.Ct. 859 (2011) is unavailing. It also appears to be at least partially contradicted within his objections because he alleges both that he was denied

4

access to his records and that he received the parole report he requested. (Doc. 17 at 6.) *Swarthout* provides:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In *Greenholtz*, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. The Constitution, we held, does not require more.

131 S.Ct. at 862 (internal citations omitted).

Although *Swarthout* does note that the Plaintiffs in those California parole cases were permitted access to their records in advance, the Court did not hold that federal due process requires such access. The Court rejected the argument that a parole board must give a prisoner advance notice of the factors it may consider at the prisoner's parole hearing. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 14 (1979). It is unclear exactly to which records Plaintiff believes he was denied access because he says he received the parole report he requested. The law does not require the parole board to grant Plaintiff full access to every document it reviews in determining his parole. Further, Plaintiff does not explain why he could not have brought this claim in his prior state actions, again raising the bar of

res judicata. To the extent Plaintiff's denial of access to his parole records claim is not barred by res judicata and the Eleventh Amendment, it fails on the merits.

There being no clear error in Judge Strong's remaining findings and recommendations,

IT IS HEREBY ORDERED:

1. Judge Strong's Findings and Recommendations (doc. 16) are ADOPTED in full.

2. Plaintiff's Complaint (doc. 2) is DISMISSED.

3. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Procedure.

4. The docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

5. The docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff's failed to state a claim and his claims are frivolous.

Dated this 18th day of December, 2012.

Dana L. Christensen, District Judge
United States District Court